**Qi Lu CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, and United States Immigration and Naturalization Service, Respondents.\***

**Docket No. 02–4753.**

United States Court of Appeals, Second Circuit.

Oct. 5, 2005.

Scott E. Bratton, Margaret Wong & Associates, Cleveland, OH, for Petitioner.

Annemarie E. Roll (Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, Washington, DC, for Respondents.

PRESENT: MESKILL, NEWMAN and CABRANES, Circuit Judges.

SUMMARY ORDER

Qi Lu Chen, a native of China, petitions this Court for review of an October 22,

---

* Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft pursuant to Federal Rule of Appellate Procedure 43(c)(2).

2002 Order of the Board of Immigration Appeals summarily affirming a February 12, 2001 Order of an immigration judge ("IJ") denying petitioner's application for asylum and withholding of removal and granting his application for voluntary departure in lieu of deportation.

Petitioner testified that he and his wife were subjected to China's coercive family planning policies and that his wife was forced to undergo sterilization following the birth of the couple's second child. He introduced various items of documentary evidence in support of his claim. The IJ denied petitioner's application for asylum and withholding of removal on the basis of an adverse credibility finding against petitioner, which was predicated on petitioner's demeanor, as well as various inconsistencies and implausibilities in petitioner's story that the IJ set forth with specificity in his decision.

Congress has specified that "the administrative findings of fact are conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We defer to the IJ's factual findings if they are supported by substantial evidence, *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003), affording "particular deference" to credibility determinations, *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997). Under the substantial evidence standard, "we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Chen*, 344 F.3d at 275 (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). Upon review of the entire record, we conclude here that the IJ's adverse credibility finding was adequately supported.

The IJ commented that he made the adverse credibility finding "despite the uncertified documentary evidence in this record." Relying on *Camara v. Ashcroft*, 378 F.3d 361 (4th Cir.2004), petitioner maintains that even if we do not disturb the IJ's adverse credibility finding, we should nevertheless remand the cause because the IJ did not make adequate findings as to the specific items of documentary evidence submitted. *Camara* involved an adverse credibility finding substantiated by testimonial inconsistencies that were not directly related to the underlying claim for asylum. *See id.* at 369. As the inconsistencies and implausibilities supporting the IJ's adverse credibility finding here were directly related to petitioner's claim for asylum, *Camara* does not apply.

Having considered all of petitioners' arguments and found each of them to be without merit, we DENY the petition for review.